COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

EMILY ALIEZE BUFORD            )    HAMILTON COUNTY
                               )    03A01-9710-CV-00445
     Plaintiff-Appellee        )
                               )
                               )
     v.                        )    HON. ROBERT M. SUMMITT,
                               )    JUDGE
                               )
WILLIAM MARTIN BUFORD          )
                               )
     Defendant-Appellant       )    VACATED AND REMANDED


MARTIN J. LEVITT OF CHATTANOOGA FOR APPELLANT

ROSALIND REID-HOUSER OF CHATTANOOGA FOR APPELLEE


O P I N I O N


                              Goddard, P.J.



          William Martin Buford appeals a judgment of the Trial

Court, which insists that the division of the parties' marital

property was inequitable, specifically raising the following two

issues:


                              I.

     DID THE TRIAL COURT ERR IN AWARDING THE PLAINTIFF 100%
     OF HER SOCIAL SECURITY OF $1,013.00 A MONTH, 100% OF
     HER RETIREMENT OF $478.00 A MONTH, AND 50% OF THE

DEFENDANT'S RETIREMENT FOR AN ADDITIONAL $564.00. THUS
LEAVING HER $2,055.00 A MONTH IN INCOME AND THE
DEFENDANT $564,00 A MONTH INCOME?

II.

DID THE TRIAL COURT ERR IN AWARDING DEFENDANT'S PENSION
AS PART OF THE PROPERTY SETTLEMENT RATHER THAN AWARDING
THE PLAINTIFF A MONTHLY SUM OF MONEY?

At the time of divorce Mr. Buford was 63 years of age
and his wife 73. Both were in declining health, Mr. Buford
suffering from non-insulin dependent diabetes mellitus, diabetic
neuropathy and prostatitis, and Mrs. Buford from mild dementia.
The parties were first married in 1961 and divorced in 1975.
Later they remarried and all told had been married for 35 years.

No children were born to their union, although they had
taken in a granddaughter of Mrs. Buford's to rear.

The parties had certain personal property and a house
and lot. They divided the personal property themselves and the
Trial Court divided the real estate equally. Neither division is
disputed in this appeal.

The Trial Court awarded Mrs. Buford 50 percent of the
Defendant's retirement income in the amount of $564, which,
together with her retirement income of $478 and her Social
Security income of $1013, gave her a total monthly income of
$2055.

2

The Defendant was awarded one-half of his retirement income in the amount of $564 and retained his Social Security income, the amount of which is not shown in the record.

At the time the divorce was granted Mr. Buford was employed, earning approximately $32,000 per year.  Initially, the Trial Judge made the following determination, wherein he stated he "was going to divide" the parties' income equally:

> And I'm going to divide the other equally.  If he continues to work and draws the 32,000, but let him keep getting his 1100 or so.  She'll have her 1500.
>
> We'll allow her a thousand dollars as long as he keeps this job with that good income, 32,000 approximately, about $2666 a month, and he'll have his 1192.  That will give him about 2858 and her about 2508 which is pretty close.

Nine days after entry of the divorce decree Mr. Buford filed a motion confirming that he was no longer employed--a circumstance which was anticipated at the time of the divorce-- and asking the Trial Court to modify the judgment previously entered.

The Trial Court did modify its earlier order, as hereinbefore set out.

Our review of the record persuades us that it is not sufficiently complete for us to make a meaningful determination as to an equitable division of the parties' marital property.  We

3

reach this conclusion because, as already noted, Mr. Buford's Social Security income is not shown. Admittedly, Social Security income is not marital property, but we believe it may be considered in determining an equitable division of marital property.

We also note that counsel for Mr. Buford in his brief takes strong exception to the Trial Court's granting Mrs. Buford 50 percent of Mr. Buford's pension, but we also note that it appears from Mr. Buford's testimony that irrespective of whether he was divorced or not, Mrs. Buford would receive 50 percent of the pension.

There is no proof regarding Mrs. Buford's rights in Mr. Buford's pension from officials in charge of the pension plan, or otherwise. Because of the lack of proof as to Mrs. Buford's interest in Mr. Buford's pension and of Mr. Buford's Social Security income, we believe that in the interest of doing justice to both parties, this is an appropriate case for remand to the Trial Court to clarify these two points, and thereafter to equitably divide the marital property of the parties.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against Mrs. Buford and one-half against Mr. Buford and his surety.

_____
                  Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
William H. Inman, Sr.J.